UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------x
RAINBOW APPAREL, INC.,                              :
and PETER KIM                                       :          02:09-CV-5319-DMC-MF
                            Plaintiff,              :
                                                    :
            v.                                      :
                                                    :
KCC TRADING, INC.,                                  :
THOMAS HILL VINA CO., LTD,                           :
THOMAS HILL USA CO., INC.,                          :
WON BOK CHOI, MISUK CHOI,                           :
JI HAE CHOI a/k/a VANESSA CHOI,                     :
KYUNG HO KIM a/k/a KEVIN KIM,                       :
JOHN DOES (1-5) and ABC CORPS (1-5),                :
                                                    :
                            Defendants.             :
---------------------------------------------------------x


**MEMORANDUM OF LAW OF DEFENDANTS KCC TRADING, INC., WON BOK CHOI, MISUK CHOI, JI HAE CHOI A/K/A VANESSA CHOI IN further SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT AND IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND**


Michael S. Kimm, Esq. (MK4476)
KIMM LAW FIRM
41W Bancker Street
Englewood, New Jersey 07631
Tel: 201-569-2880
*Attorneys for Defendants KCC Trading, Inc.,
Won Bok Choi, Misuk Choi, Ji Hae Choi a/k/a
Vanessa Choi*

Dated: January 4, 2010

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES................................................. iii

PRELIMINARY STATEMENT........................................... 1

PROCEDURAL HISTORY............................................... 1

IRREGULARITY IN PLAINTIFFS' OPPOSITION...................... 1

PERTINENT FACTS.................................................... 2

ARGUMENT

I        PLAINTIFFS SHOULD BE DENIED LEAVE TO AMEND BECAUSE
         THE ONLY VIABLE CLAIM IS QUANTUM MERUIT AND THE
         OTHER CLAIMS CANNOT SURVIVE DISMISSAL DUE TO THEIR
         INHERENT DEFECTS AND FUTILITY OF AMENDMENT........... 6

         A. Applicable Substantive Law: New York Law................... 6

         B. Standard of Review on a Motion to Dismiss................... 7

         C. The Standard for Amendment of Pleadings.................... 8

         D.  All Claims Against Won Bok Choi and Misuk Choi in Their
         Individual Capacities, the Claims Against Alleged John Does (1-5),"
         Claims Against "Abc Corporations (1-5)," and All Claims Against
         Thomas Hill Usa Co., Should Be Dismissed...................... 8

         E. Count One of the Complaint, Alleging Conspiracy, Should Be
         Dismissed as Conspiracy Is Not an Independent Theory of Liability..... 12

         F. Count Two (Fraud) Should Be Dismissed for Lack of Particularity in
         Pleading Pursuant to FRCP 9(b)................................ 12

         G. Count Three (Breach of Contract) Should Be Dismissed Because the

i

Complaint Fails to Allege the Existence of an Agreement, and the Parties' Dealings Did Not Constitute a Joint Venture . . . . . . . . . . . . . . . . 14

H. Count Ten (Covenant of Good Faith) Should be Dismissed. . . . . . . . . . 19

I.. Count Four (Accounting) Should Be Dismissed Because Plaintiffs Are Not Entitled to an Accounting in the Absence of a Partnership or Fiduciary Relationship. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

J. Count Five (Conversion) Should be Dismissed. . . . . . . . . . . . . . . . . . . . 22

K. Count Seven (Breach of Duty) Should Be Dismissed Because Defendants Do Not Owe Any Duty to Plaintiffs. . . . . . . . . . . . . . . . . . . . 23

L. Count Eight (Interference with Contract) Should Be Dismissed, Because Interference Was an Impossibility Due to Plaintiffs' Own Admission of a Non-exclusive Dealing, and No Breach Was Induced. . . . 23

M. Duplicative Quantum Meruit Should be Stricken. . . . . . . . . . . . . . . . . 25

N. Plaintiffs' Requests for "Punitive Damages" Should Be Stricken. . . . . 25

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

# <u>TABLE OF AUTHORITIES</u>

## CASES

<u>Alexander & Alexander of NY, Inc., v. Fritzen,</u>
    68 N.Y.2d 968, 969 (1986).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

<u>Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.,</u>
    404 F.3d 566, 579-80 (2d Cir. 2005).. . . . . . . . . . . . . . . . . . . . . . . . . . . 22

<u>Aha Sales v. Creative Bath Prods.,</u>
    58 A.D.3d 6, 22-23 (App. Div. 2d Dept. 2008). . . . . . . . . . . . . . . . . . . . 29

<u>Aniero Concrete Co., Inc.,</u>
    404 F.3d 566, 579-80 (2d Cir. 2005)).. . . . . . . . . . . . . . . . . . . . . . . . . . 21

<u>Arrants v. Angelo,</u>
    73 A.D.2d 633 (2d Dept 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

<u>Ballentine v. U.S.,</u>
    486 F.3d 806, 810 (3d Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>Bartle v Home Owners Coop.,</u>
    309 NY 103, 106 (1955). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

<u>Bell Atlantic Corp. v. Twombly,</u>
    550 U.S. 544, 555 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.,</u>
    98 F.3d 13, 19 (2d Cir.1996).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

<u>Citadel Mgmt. Inc., v. Telesis Trust, Inc.,,</u>
    123 F. Supp. 2d 133, 148 (SDNY 2000)). . . . . . . . . . . . . . . . . . . . . . . . 32

<u>Clearmont v. Eisner,</u>
    58 A.D.3d 1052, 1055 (App. Div. 3d Dept 2009). . . . . . . . . . . . . . . . . . 24

Conley v. Gibson,
     355 U.S. 4, 45-46 (1957).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

David B. Lilly Co., Inc. v. Fisher,
     18 F.3d 1112, 1120 (3rd Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Ebker v. Tanjay Intern., Ltd.,
     739 F.2d 812, 827 (2nd Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

E. Hampton Union Free v. Sandpebble Bldrs.,
     2009 NY Slip Op 05998, *3 (App. Div. 2d Dept 7-28-2009). . . . . . . . 18,19

Gladstone Bus. Loan, LLC, v. Rande Corp.,
     09 Civ. 4255 (LMM), 2009 WL2524608 . . . . . . . . . . . . . . . . . . . . . . . . 21

Gould Paper Corp. V. Madisen Corp.,
     614 F. Supp. 2d 485, 493 (SDNY 2009) . . . . . . . . . . . . . . . . . . . . . . . . . 32

Home Ins. Co. v. American Home Prods. Corp.,
     75 N.Y.2d 196, 203 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Humphreys v. Nager,
     962 F. Supp. 347,351 (E.D.N.Y. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . 18

In re Scholastic Corp. Sec. Litig.,
     252 F.3d 63, 69-70 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Jordan v. Fox, Rothschild, O'Brien & Frankel,
     20 F.3d 1250, 1261 (3d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Kirch v. Liberty Media Corp.,
     449 F.3d 388, 401-02 (2d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

L. Magarian & Co. v. Timberland Co.,
     245 AD2d 69, 70 (App. Div. 1st Dept. 1997).. . . . . . . . . . . . . . . . . . . . . . 29

Ligo v. Gerould,
    665 N.Y.S.2d 223, 224 (4th Dep't 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

LoGerfo v. Trustees of Columbia Univ. In city of N.Y.,
    35 AD3d 395, 397 (App. Div. 2d Dept. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Love v. Rebecca Dev., Inc.,
    56 AD3d 733 (App. Div. 2d Dept. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Malinow v. Eberly,
    322 F. Supp. 594, 600 (D. Md. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Matter of Morris v New York State Dept. of Taxation & Fin.,
    82 NY2d 135, 140-141 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Mcgreevy v. Stroup,
    413 F.3d 359, 371 (3rd Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17.21

Millennium Constr., LLC v Loupolover,
    44 AD3d 1016 (App. Div. 2d Dept. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . 19

Mills v. Polar Molecular Corp.,
    12 F.3d 1170, 1175 (2d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Morabito v. Blum,
    528 F. Supp. 252, 262 (S.D.N.Y. 1981) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

National Union Fire Ins. Co. of Pittsburgh, Pa. v Xerox Corp.,
    25 AD3d 309, 310 [2006]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Natuzzi v. Rabady,
    177 A.D.2d 620, 622 (App. Div. 2d Dept 1991). . . . . . . . . . . . . . . . . . . . . 25

Novak v. Kasaks,
    216 F.3d 300, 306 (2d Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Oatway v. Am. Int'l Group, Inc.,
    325 F.3d 184, 187 (3d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Opals on Ice Lingerie v. Body Lines, Inc.,
    320 F.3d 362, 372 (2d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Palazzo v. Palazzo,
    121 AD2d 261, 265 (App. Div. 1st Dept. 1986).. . . . . . . . . . . . . . . . . . . . 29

Payrolls & Tabulating v. Sperry Rand Corp.,
    22 AD2d 595, 598 (App. Div. 1st  Dept. 1965). . . . . . . . . . . . . . . . . . . . . 29

PI, Inc. v. Quality Prods., Inc.,
    907 F. Supp. 752, 761 (S.D.N.Y. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . 23

Prozeralik v. Capital Cities Commc'ns, Inc.,
    82 N.Y.2d 466, 479 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Rene v. Citibank NA,
    32 F. Supp.2d 539, 541-542 (E.D.N.Y. 1999). . . . . . . . . . . . . . . . . . . . . . 18

Republic of Haiti v. Duvalier,
    626 N.Y.S.2d 472, 475, 211 A.D.2d 379, 384 (1st Dept. 1995)). . . . . . . . 31

Roginsky v. Richardson-Merrell, Inc.,
    378 F.2d 832, 838 (2d Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Scholastic Inc. v. Harris,
    259 F.3d 73, 90 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Schurr v. Austin Galleries of Ill.,
    719 F.2d 571, 576 (2d Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Seuter v. Lieberman,
    229 AD2d 386, 387 (App. Div. 2d Dept. 1996). . . . . . . . . . . . . . . . . . . . 18

Sudul v. Computer Outsourcing Servs.,
    868 F. Supp. 59, 62 (S.D.N.Y. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Suez Equity Investors, L.P. v. Toronto-Dominion Bank,

vi

250 F.3d 87, 95 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Thyroff v. Nat. Mut. Ins. Co.
    460 F.2d 400, 403-04 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

United States v. Standard Oil Co.,
    155 F. Supp. 121 (S.D.N.Y. 1957), aff'd, 270 F.2d 50 (2d Cir. 1959).. . . . 26

USA Holdings v. U.S.,
    520 F.3d 109, 115 (2d Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

U.S. Express Lines, Ltd. v. Higgins,
    281 F.3d 383, 388 (3d Cir. 2002)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Vanlex Stores, Inc. v. Bfp 300 Madison Ii Llc,
    1287 [1st Dept 10-27-2009] 2009 NY Slip Op 07677.. . . . . . . . . . . . . . . 29

Wahl v. Barnum,
    116 N.Y. 87, 97 (1889). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Wall v. CSX Transp., Inc.,
    471 F.3d 410, 415-16 (2d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

White Plains Coat & Apron Co., Inc. v. Cintas Corp.,
    8 N.Y.3d 422, 426 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Whitney v. Citibank. N.A.,
    782 F.2d 1106, 1115 (2d Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Yonofsky v. Wernick,
    362 F. Supp. 1005, 1030 (S.D.N.Y. 1973). . . . . . . . . . . . . . . . . . . . . . 26,27

## STATUTES & RULES

Fed. R. Civ. P. 9(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21,22

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16

Fed. R. Civ. P. 15(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fed. R. Civ. P. 8(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

New York General Obligations Law § 5-701 (a)(1). . . . . . . . . . . . . . . . . . . . . . . 27

## OTHER AUTHORITIES

NY Pattern Jury Instructions 2:278 Damages - Punitive. . . . . . . . . . . . . . . . . . . 36

Restatement (Second) of Conflict of Laws § 6 cmt. f (1971). . . . . . . . . . . . . . . . 15

## PRELIMINARY STATEMENT

In their motion papers dated November 4, 2009, defendants KCC Trading, Inc.,Won Bok Choi, Misuk Choi, and Ji Hae Choi a/k/a Vanessa Choi (collectively, the Moving Defendants) moved to dismiss Counts One, Two, Three, Six, Seven, Ten and Eleven, as well as the portion of Count Eight alleging breach of contract, and all claims against Thomas Hill USA Co., Inc., Won Bok Choi individually and Misuk Choi individually for failure to state a claim pursuant to Rule 12(b)(6). We did not challenge, at that procedural posture, the claims set forth in Counts Four, and Five, or plaintiffs' claims for quantum meruit in Counts Eight and Nine.

After our motion to dismiss was filed, plaintiffs responded with a proposed motion to amend the complaint.

The Moving Defendants now submit this memorandum of law in further support of their motion to dismiss the complaint as originally constituted, and in opposition to plaintiffs' motion to amend, in plaintiffs' papers dated November 23, 2009.

## PROCEDURAL HISTORY

Although the procedural history is short, there are some irregularities to the procedural posture of the case. Plaintiffs complaint was filed in Superior Court, Hudson County, and served in September 2009. On October 5, 2009, defendants removed the action to the District of New Jersey and obtained a Clerk's Automatic

1

Extension.  Thereupon, on November 4, 2009, defendants filed two motions — one to dismiss the various claims as stated above; and another motion to change venue to the Eastern District of New York or to the Southern District of New York.

Plaintiffs' opposition to these motions came in <u>untimely</u> papers dated November 23, 2009, and plaintiffs underwent procedural irregularities due to their failure to file their papers through the ECF facility, as required.  While plaintiffs' motions were in a state of limbo, and "unfiled" for about two-week period of time, and it appeared that plaintiffs' filing deadline was breached, in order to avoid unnecessary procedural complications, defendants stipulated to relax the ECF-related issues and plaintiffs' papers have since been deemed filed.

Defendants now file their "reply" papers in further support of their motion to dismiss, and for transfer of venue to New York.

## **FURTHER IRREGULARITY**

In opposing dismissal and in effectively cross-moving for amendment of their complaint, plaintiffs have provided a "Declaration of Peter Sangkak Kim in Opposition to Defendant's [sic] Motion to Dismiss the Complaint."  On a facial attack of the complaint, it is horn-book procedure that matters extraneous to the pleading, other than those attached thereto, may not be submitted or considered. "In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the

facts alleged in the complaint and its attachments without reference to other parts of the record," <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).  In some cases, where a document integral to or explicitly relied upon in the complaint is involved, it "may be considered without converting the motion to dismiss into one for summary judgment." <u>U.S. Express Lines, Ltd. v. Higgins</u>, 281 F.3d 383, 388 (3d Cir. 2002).  In all other cases, extraneous matters may not be considered; or, if they are to be considered, the motion must be converted to one under Rule 56, for summary judgment.  However, since there has been no discovery in this case, the Court should not convert the motion to 56.   Instead, the Sangkak Kim Declaration should be stricken.

**PERTINENT FACTS**

The Moving Defendants respectfully adopt the "Pertinent Facts" set forth in their November 4, 2009, Memorandum in support of their motion to dismiss the complaint.  In essence, those allegations show that, read in a light most favorable to the plaintiffs, but devoid of inherent contradictions, the complaint states that:

(1) an alleged joint venture discussions were held among plaintiff Rainbow Apparel; KCC Trading; and Thomas Hill Vina;

(2) that the objective of the proposed joint venture was to service Jones Apparel Group and G-iii with apparel goods; and

(3) that there was no written agreement embodying any of the terms, much less the essential terms of the alleged "joint venture."

In their proposed "amended complaint," plaintiffs essentially regurgitate the same facts and merely add two more theories of liability.

Plaintiffs' proposed "amended complaint" also purport to provide clarification for their veil-piercing theories of liability against the individuals, Vanessa Choi, a mere employee of KCC; Misuk Choi, an officer of KCC, and Wonbok Choi, an officer, in their roles as officers when the alleged "joint venture" was to be pursued among Rainbow, KCC and Thomas Hill Vina.

The following facts, set forth in plaintiffs' proposed "amended complaint," clearly show that the core theories of liability are lodged against the entity-defendants:

A.  At paragraph 21, plaintiffs allege that Peter Kim was to use his best efforts to develop Jones Apparel Group and G-iii; and Rainbow would handle sales; and Thomas Hill Vina would produce the goods; and KCC would handling the financing.

B.  In paragraph 22, there is a completely incoherent allegation that Wonbok Choi stated that he would "provide invest [sic] $30,000.00 million [sic] in financing [sic] for the business" but, read in its proper context, it relates to paragraph 21's reference to KCC handling the "financing" and therefore shows, even by

4

plaintiffs' own admission, that the individual, Wonbok Choi, was not undertaking any responsibility on his own.

C. In paragraph 25, again, plaintiffs allege "(i) KCC would advance all costs and expenses; collect all payments and revenues and distribute all profits; (ii) Rainbow would be reimbursed for all expenses for sample making and production and payroll, and (iii) and [sic] Rainbow and KCC would share all profits from the venture on a 50%-50% basis." See also ¶ 55.

D.   In paragraphs 50 to 55, plaintiffs essentially assert that, although defendants were supposed to fill orders of Jones Apparel Group and G-iii using plaintiffs as sample makers, defendants terminated the relationship and resumed their previous role, in relation to plaintiffs, as competitors.

**ARGUMENT**

**I**

**PLAINTIFFS SHOULD BE DENIED LEAVE TO AMEND BECAUSE THE ONLY VIABLE CLAIM IS QUANTUM MERUIT AND THE OTHER CLAIMS CANNOT SURVIVE DISMISSAL DUE TO THEIR INHERENT DEFECTS AND FUTILITY OF AMENDMENT**

**A. Applicable Substantive Law: New York Law**

In a multi-jurisdictional matter, the task of the Court is to determine which state has the most significant relationship to the occurrence and parties in light of all the relevant principles. See David B. Lilly Co., Inc. v. Fisher, 18 F.3d 1112, 1120 (3rd Cir. 1994); citing Restatement (Second) of Conflict of Laws § 6 cmt. f (1971) ("state whose interests are most deeply affected should have its local law applied").

Clearly, New York has the most significant contacts that support its policy to compensate claimants in contracts cases. As a practical matter, the place of performance alleged in the complaint, i.e., relating to the Jones Apparel Group, NY and G-iii, is all in New York. But-for Thomas Hill Vina, the named Defendants are all of New York, and the alleged negotiations were held in New York. Accordingly, New York should be the venue and New York law should apply.

In response to the Moving Defendants' motion to dismiss, plaintiffs have NOT filed any opposition; but they did file a motion to amend. In support of their motion

to amend, they filed a Declaration of Louis M. De Luzio, Esq., dated November 23, 2009, <u>without a Memorandum of Law</u>, merely citing two cases under Rule 15 in the attorney declaration. <u>See</u> De Luzio Decl., at 2.

There is no dispute that substantive New York law governs this action.  As this issue is conceded by plaintiffs, and New York law applies, the Court should hold that New York substantive law applies to this action.

### B. <u>Standard of Review on a Motion to Dismiss</u>

The Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." <u>Ballentine v. U.S.</u>, 486 F.3d 806, 810 (3d Cir. 2007); citing <u>Oatway v. Am. Int'l Group, Inc.</u>, 325 F.3d 184, 187 (3d Cir. 2003); Fed. R. Civ. P. 12(b)(6). Further, "[t]he issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." <u>Id.</u>

To survive a motion to dismiss, plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (overruling the language of <u>Conley v. Gibson</u>, 355 U.S. 4, 45-46 (1957) that a motion to dismiss should not be granted "unless it appears beyond a doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

## C. The Standard for Amendment of Pleadings

While Federal Civil Rule 15(a) permits leave to amend to be granted freely in the interest of justice, see Fed. R. Civ. P. 15(a), where a proposed amendment would be futile, amendment should be denied. Mcgreevy v. Stroup, 413 F.3d 359, 371 (3rd Cir. 2005) (affirming an order denying amendment due to futility).

## D.  All Claims Against Won Bok Choi and Misuk Choi in Their Individual Capacities, the Claims Against Alleged John Does (1-5)," Claims Against "Abc Corporations (1-5)," and All Claims Against Thomas Hill Usa Co., Should Be Dismissed

All of plaintiffs' claims in Counts One through Nine are broadly alleged against "defendants." Presumably then, plaintiffs seek to assert those claims against all defendants. However, there are no specific allegations made against Thomas Hill USA Co., Inc., or any of the unnamed John Does or ABC Corporations in the body of the complaint.

Courts have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted. Rene v. Citibank NA, 32 F. Supp.2d 539, 541-542 (E.D.N.Y.

1999); citing Humphreys v. Nager, 962 F. Supp. 347,351 (E.D.N.Y. 1997), quoting

Morabito v. Blum, 528 F. Supp. 252, 262 (S.D.N.Y. 1981) (granting 12(b)(6) motion

to dismiss where defendant was named only in caption and noting that complaint fails

to meet standard of Fed.R.Civ.P. 8(a)).

**1. All Claims Against Won Bok Choi and Misuk Choi Should Be Dismissed**

The general rule is that a corporation exists independently of its owners, who

are not personally liable for its obligations, and that individuals may incorporate for

the express purpose of limiting their liability. E. Hampton Union Free v. Sandpebble

Bldrs., 2009 NY Slip Op 05998, *3 (App. Div. 2d Dept 7-28-2009) (dismissing

complaint insofar as asserted against individual defendant where complaint lacked

allegation of conduct constituting an abuse of the privilege of doing business in

corporate form); citing Bartle v Home Owners Coop., 309 NY 103, 106 (1955); Seuter

v. Lieberman, 229 AD2d 386, 387 (App. Div. 2d Dept. 1996).

The concept of piercing the corporate veil is an exception to the general rule,

permitting, in certain circumstances, the imposition of personal liability on owners for

the obligations of their corporation. E. Hampton Union Free, supra; citing  Matter of

Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-141 (1993). A

plaintiff seeking to pierce the corporate veil must demonstrate that a court in equity

should intervene because the owners of the corporation exercised complete domination

9

over it in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the plaintiff. E. Hampton Union Free, supra; citing Love v. Rebecca Dev., Inc., 56 AD3d 733 (App. Div. 2d Dept. 2008); Millennium Constr., LLC v Loupolover, 44 AD3d 1016 (App. Div. 2d Dept. 2007). Domination over corporate conduct in a particular transaction is not sufficient on its own to support the imposition of personal liability on the corporate owner; and the party seeking to pierce the corporate veil must also establish "that the owners, through their domination, abused the privilege of doing business in the corporate form." See E. Hampton Free, supra, citing Matter of Morris, 82 NY2d at 142 (additional citations omitted).

Notably, under New York law, conduct constituting an abuse of the privilege of doing business in the corporate form is a material element of any cause of action seeking to hold an owner personally liable for the actions of his or her corporation under the doctrine of piercing the corporate veil. See E. Hampton Free, supra.

The complaint makes no allegations of Won Bok Choi or Misuk Choi abusing the privilege of doing business in the corporate form, or completely dominating corporate conduct. The alleged wrongs alleged against these defendants would have occurred in the ordinary business, for benefit of KCC Trading. These individual defendants should be dismissed from all claims stated against them in their individual

capacity.  As the quoted parts of the proposed amended complaint plainly reveal, the alleged business dealings were for and on behalf of Rainbow Apparel and KCC Trading — not for or on behalf of Misuk Choi and Wonbok Choi.

**2. All Claims Against Thomas Hill Usa Co., Inc. Should Be Dismissed**

Thomas Hill USA Co., Inc. should be dismissed from this action, because the complaint makes no mention of Thomas Hill USA aside from naming this defendant in the caption, and alleging its location as a New York corporation in ¶ 5.  Where the complaint alleges terms of the purported "joint business venture,"only Rainbow, Thomas Hill Vina and KCC are named as parties to the alleged joint venture and not Thomas Hill USA.  Since Thomas Hill USA is a gratuitous party, and did not commit any alleged wrongs, there is no basis to hold Thomas Hill USA in the action.

**3. Counts Ten and Eleven, Stating Claims Against John Does (1-5) and Abc Corporations (1-5) Should Be Dismissed**

Counts Ten and Eleven repeat all previously stated allegations against "John Does" and "ABC Corporations." Counts Ten and Eleven must be dismissed because they fail to state a claim on which relief can be granted for lack of any facts alleged against the John Doe defendants or ABC Corporations in the body of the pleading, and for lack of the required specificity of pleading the special matter of fraud under Rule 9(b).

### E. Count One of the Complaint, Alleging Conspiracy, Should Be Dismissed as Conspiracy Is Not an Independent Theory of Liability

Under New York law, conspiracy is not an independent tort, Alexander & Alexander of NY, Inc., v. Fritzen, 68 N.Y.2d 968, 969 (1986), and therefore "a claim of conspiracy 'cannot stand alone' and must be dismissed if the underlying independent tort has not been adequately pleaded'." Gladstone Bus. Loan, LLC, v. Rande Corp., 09 Civ. 4255 (LMM), 2009 WL2524608 at *6, quoting, Romano v. Romano, 2 A.D.3d 430, 432 767 N.Y.S.2d 841, 842 (2d Dept. 2003).  See also Mcgreevy v. Stroup, 413 F.3d 359, 371 (3rd Cir. 2005) (affirming an order denying amendment of "conspiracy" claim due to futility and due to the non-existence of such claim).  Because it is not an independent tort, Count One stands without a footing, and it should be dismissed.

### F. Count Two (Fraud) Should Be Dismissed for Lack of Particularity in Pleading Pursuant to FRCP 9(b)

Under New York law, a claim for fraud in the inducement requires proof that: "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." Wall v. CSX Transp., Inc., 471 F.3d 410, 415-16 (2d Cir. 2006), citing Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 19 (2d

Cir.1996). Furthermore, Rule 9(b) of the Federal Rules of Civil Procedure requires that

"a party must state with particularity the circumstances constituting fraud or mistake."

Fed.R.Civ.P. 9(b). Thus, "[t]he complaint must identify the statements plaintiff asserts

were fraudulent and why, in plaintiff's view, they were fraudulent, specifying who

made them, and where and when they were made." In re Scholastic Corp. Sec. Litig.,

252 F.3d 63, 69-70 (2d Cir. 2001); citing Mills v. Polar Molecular Corp., 12 F.3d

1170, 1175 (2d Cir. 1993); see also Suez Equity Investors, L.P. v. Toronto-Dominion

Bank, 250 F.3d 87, 95 (2d Cir. 2001); Novak v. Kasaks, 216 F.3d 300, 306 (2d Cir.

2000).

When a complaint asserts a fraud claim against multiple defendants, the role of

each defendant must be alleged with particularity. Aetna Cas. and Sur. Co. v. Aniero

Concrete Co., Inc., 404 F.3d 566, 579-80 (2d Cir. 2005).

Plaintiffs' fraud claim is summarized in paragraph 66 of the proposed amended

complaint:

> Defendants representations that they intended to share profits of the
> venture on a 50/50 basis, would open up a separate bank account, and
> that Won Bok Choi possessed the funds necessary to finance the business
> venture were intentionally false.

Paragraph 66, incorporating the previous paragraphs, fails to state any of the

circumstances of the alleged misrepresentations, such as the date, time or place of the

statements, or which defendant(s) made such representations.

Plaintiffs' fraud claim in Count One is indistinguishable from their claim in Count Two for Breach of Contract, and for this additional reason, should be dismissed. Plaintiffs have not alleged that defendants had any legal duty apart from those <u>under and ancillary</u> to the alleged "joint business venture," and Defendants' allegedly misleading representations would have concerned only implication of future performance under that alleged "joint business venture."

Under New York Law, a claim for fraud cannot be maintained where it "arises out of the same facts as a breach of contract claim with the sole additional allegation that the defendant never intended to fulfill its express contractual obligations." <u>PI, Inc. v. Quality Prods., Inc.</u>, 907 F. Supp. 752, 761 (S.D.N.Y. 1995); <u>Sudul v. Computer Outsourcing Servs.</u>, 868 F. Supp. 59, 62 (S.D.N.Y. 1994).

Count Two (Fraud) thus fails to state a claim, and should be dismissed.

### G. Count Three (Breach of Contract) Should Be Dismissed Because the Complaint Fails to Allege the Existence of an Agreement, and <u>the Parties' Dealings Did Not Constitute a Joint Venture</u>

Count Three alleges breach of contract, and states that defendants have breached their obligations under the agreement entered with Plaintiffs by failing to distribute profits and failing to transfer 33% interest in Thomas Hill Vina. Complaint ¶ 41. The complaint does not allege the existence of any written agreement, lacks a showing of

assent to numerous essential terms, and fails to show with any particularity the circumstances of those terms that were allegedly considered. A meeting of the minds has not been established.

"The elements of a cause of action for breach of contract are (1) formation of a contract between plaintiff and defendant; (2) performance by plaintiff; (3) defendant's failure to perform; and (4) resulting damage." Clearmont v. Eisner, 58 A.D.3d 1052, 1055 (App. Div. 3d Dept 2009) (citation omitted). Under New York contract law, the fundamental basis of a valid, enforceable contract is a meeting of the minds of the parties; and if there is no meeting of the minds on all essential terms, there is no contract. Opals on Ice Lingerie v. Body Lines, Inc., 320 F.3d 362, 372 (2d Cir. 2003); citing Schurr v. Austin Galleries of Ill., 719 F.2d 571, 576 (2d Cir. 1983). This is because an enforceable contract requires mutual assent to the essential terms and conditions thereof. Id. Proving compliance with the statute of frauds by presenting a signed writing evidencing an agreement is also, in effect, proving the contract– a necessary element of the plaintiffs' breach of contract claim. USA Holdings v. U.S., 520 F.3d 109, 115 (2d Cir. 2008).

The complaint alleges in ¶ 21 that an agreement was formed as a "joint business venture." As a preliminary matter, for lack of definite statement in the complaint, it remains unclear how various allegations throughout the complaint fit within any single

alleged agreement or "joint business venture."

A joint-venture agreement is generally defined as a "special combination of two or more persons wherein some specific venture ...  profit is jointly sought without any actual partnership or corporate designation." Natuzzi v. Rabady, 177 A.D.2d 620, 622 (App. Div. 2d Dept 1991); (citations omitted). The essential elements are an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the co-venturers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise, and a provision for the sharing of profits and losses. Id. (citations omitted). An agreement between the parties to create a joint venture is essential, and whether or not a joint venture exists depends entirely upon the intention of the parties, either express or implied; and the joint sharing of losses is also commonly regarded as essential. See Yonofsky v. Wernick, 362 F. Supp. 1005, 1030 (S.D.N.Y. 1973); citing United States v. Standard Oil Co., 155 F. Supp. 121 (S.D.N.Y. 1957), aff'd, 270 F.2d 50 (2d Cir. 1959).

The complaint makes no allegation of the existence of an actual agreement, in writing or otherwise. Plaintiffs have not alleged that profits AND LOSSES would be shared. Plaintiffs allege solely that profits would be shared between Rainbow and KCC on a 50%-50% basis. Complaint ¶ 21 and 66. This does not address losses, and

appears to allocate profits only between Rainbow and KCC, not even among all defendants alleged to be parties to the alleged agreement, and not to plaintiff Peter Kim. Id. Necessarily, sharing profits would entail an accounting of expenses and other aspects of calculation, and no such terms exist here.

The basic structure of the "venture," as plaintiffs have alleged, is that each party would continue to do what it already was in the business of doing, and Peter Kim was to use his contacts to solicit business from the Jones Apparel Group and G-iii. See Complaint ¶ ¶ 18–21.   Thus, the agreement was a standard agency arrangement allowing KCC to deal with Jones and G-iii through Peter Kim. There is no showing in the complaint of any separate entity formed by cooperation to embody a "joint business venture."

In any case, plaintiffs' allegation of breach of contract must fail for lack of a written agreement under the Statute of Frauds.  Assuming all of plaintiffs' dates to be accurate, the venture was allegedly formed in July of 2006, and the parties remained in business together through mid-2009. See Complaint ¶¶ 18, 29, 32, 33. Thus, this "agreement," by its terms, was not to be performed within one year from the making. New York General Obligations Law § 5-701, "Agreements required to be in writing," provides:

a. Every agreement, promise or undertaking is void, unless it or some note or

17

memorandum thereof be in writing, and subscribed by the party to be charged

therewith, or by his lawful agent, if such agreement, promise or undertaking:

> 1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime.

See Ebker v. Tanjay Intern., Ltd., 739 F.2d 812, 827 (2nd Cir. 1984); citing Wahl v.

Barnum, 116 N.Y. 87, 97 (1889) (holding that a contract forming a partnership to be

continued beyond one year, is within ... the statute of frauds); (additional citations

omitted). The inapplicability of the statute of frauds to joint venture agreements does

not protect transactions ... that are otherwise subject to the statute. Ebker, supra; citing

Yonofsky v. Wernick, supra, 362 F.Supp. at 1026.

Plaintiffs have not alleged the formation of a contract. No writing has been

presented, which shows even the very basic terms, signed by the parties. The full

essential terms are not alleged, even in the amended complaint, regarding what, if any

apparel goods were to be produced and sold, what orders would be solicited or filled,

what time frame was allotted for performance, what prices would be charged to Jones

Apparel Group or G-iii, what countries would be home to what operations, what venue

for choice of law, how profits were to be measured, what labor was to be

commissioned, what stock or equity would be shared among partners to the venture,

etc.

Essential contract elements were not established, and were not alleged. The

obligations of the parties were never defined. The "agreement" has spanned well over

one year, and there is no writing.   Plaintiffs cannot maintain an action for breach of

contract, Count Three should be dismissed for failure to state a claim.

### H. **Count Ten (Covenant of Good Faith) Should be Dismissed**

Plaintiffs attempt to use the "implied covenant of good faith and fair dealing"

as a means of regurgitating their defective theory of breach-of-contract liability for an

alleged "joint venture" that was never formed. (See ¶95).  "[T]he implied covenant of

good faith and fair dealing inherent in every contract cannot be used to create terms

that do not exist in the writing (see National Union Fire Ins. Co. of Pittsburgh, Pa. v

Xerox Corp., 25 AD3d 309, 310 [2006], lv dismissed 7 NY3d 886 [2006])."   Vanlex

Stores, Inc. v. Bfp 300 Madison Ii Llc, 1287 [1st Dept 10-27-2009] 2009 NY Slip Op

07677.  Since there was no enforceable joint venture agreement, the covenant of good

faith that would implied if there were such an agreement cannot be used to create that

agreement, and therefore the proposed claim fails.

### I.  **Count Four (Accounting) Should Be Dismissed Because Plaintiffs Are Not Entitled to an Accounting in the Absence of a Partnership or Fiduciary Relationship**

The "right to an accounting is premised upon the existence of a confidential or

fiduciary relationship and a breach of the duty imposed by that relationship respecting

property in which the party seeking the accounting has an interest." <u>Aha Sales v.</u> <u>Creative Bath Prods.</u>, 58 A.D.3d 6, 22-23 (App. Div. 2d Dept. 2008); citing <u>LoGerfo</u> <u>v. Trustees of Columbia Univ. In city of N.Y.</u>, 35 AD3d 395, 397 (App. Div. 2d Dept. 2006), quoting <u>Palazzo v. Palazzo</u>, 121 AD2d 261, 265 (App. Div. 1st Dept. 1986). A conventional business relationship, without more, is insufficient to create a fiduciary relationship. <u>Aha Sales</u>, 58 A.D.3d at 21; citing <u>Payrolls & Tabulating v. Sperry Rand</u> <u>Corp.</u>, 22 AD2d 595, 598 (App. Div. 1st Dept. 1965). Rather, a plaintiff must make a "showing of 'special circumstances' that could have transformed the parties' business relationship to a fiduciary one..., such as control by one party of the other for the good of the other." <u>Aha Sales</u>, <u>supra</u>; citing <u>L. Magarian & Co. v. Timberland Co.</u>, 245 AD2d 69, 70 (App. Div. 1st Dept. 1997).

New York law also provides that partners are entitled to an accounting of a partnership following its dissolution. <u>Scholastic Inc. v. Harris</u>, 259 F.3d 73, 90 (2d Cir. 2001); citing N.Y. Partnership Law § 74 (McKinney 1988). Sections 43 and 44 of the partnership statute do allow for an accounting absent dissolution where a partner alleges a breach of fiduciary duty or a wrongful exclusion, when such is provided for by agreement, or where otherwise "just and reasonable." <u>Scholastic</u>, 259 F.3d at 91; citing N.Y. Partnership Law §§ 43, 44 (McKinney 1988) (additional citations omitted). Nonetheless, in order to enlist the aid of a court of equity in vindicating the right to

an accounting, a plaintiff must show (1) the existence of a partnership, (2) the transaction of business by the partnership producing profits or losses to be accounted for, (3) the termination or dissolution of the partnership, (4) a demand for an accounting and (5) a failure or refusal by the partner with the books, records, profits or other assets of the partnership in his possession to account to the other partner or partners. Arrants v. Angelo, 73 A.D.2d 633 (2d Dept 1979); citing Malinow v. Eberly, 322 F. Supp. 594, 600 (D. Md. 1971).

Plaintiffs simply do not allege the existence of a partnership in the complaint. As discussed above with reference to Plaintiffs' claim for breach of contract, the complaint fails to show the existence of an enforceable contract or agreement to the alleged "joint business venture," for lack of a writing, lack of numerous essential terms, and lack of any establishment of performance. Further, there is no showing of transaction of business by any partnership producing profits or losses to be accounted for.

Plaintiffs have not made any showing of 'special circumstances' that would have transformed the parties' business relationship to a fiduciary one. On the contrary, given the relationship between KCC (as principal) and plaintiffs (as sample making agents), the duty would run the other way.

Count Four (Accounting) should be dismissed for failure to state a claim.

## J. Count Five (Conversion) Should be Dismissed

Plaintiffs proposed amended complaint asserts that "defendants" have allegedly "come into possession of monies and other tangible property, including business records and trade secrets," and therefore should be held jointly and severally liable. "Conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." Thyroff v. Nat. Mut. Ins. Co. 460 F.2d 400, 403-04 (2d Cir. 2006) (citing New York law). Where the property in question is money, it must be specifically identifiable and be subject to an obligation to return or be treated in a similar manner. Republic of Haiti v. Duvalier, 626 N.Y.S.2d 472, 475, 211 A.D.2d 379, 384 (1st Dept. 1995). A claim of conversion cannot be predicated on a mere breach of contract, and a claim of conversion will be dismissed where it merely duplicates a breach of contract claim. Gould Paper Corp. V. Madisen Corp., 614 F. Supp. 2d 485, 493 (SDNY 2009), citing Citadel Mgmt. Inc., v. Telesis Trust, Inc.,, 123 F. Supp. 2d 133, 148 (SDNY 2000). Assuming the truth of the proposed amended complaint, plaintiffs merely assert that defendants have come into fortuitous possession of some unspecified sum of money and business records and trade secrets — none of which are alleged with particularity. Therefore the claim of "conversion" is without merit and it should be denied.

22

### K. Count Seven (Breach of Duty) Should Be Dismissed Because Defendants Do Not Owe Any Duty to Plaintiffs

Count Seven alleges "Defendants owed the Plaintiffs a fiduciary duty to act in the best interest of the venture; and Defendants breached the aforesaid duty by acting instead in their own individual best interest."

In order to state a claim for breach of fiduciary duty under New York Law, a plaintiff must allege (1) that a fiduciary duty existed between plaintiff and defendant, (2) that defendant breached that duty, and (3) damages as a result of the breach. See Whitney v. Citibank. N.A., 782 F.2d 1106, 1115 (2d Cir. 1986).

Defendants' duty to act in the best interest of the venture is the same duty allegedly at issue in Count Three (Breach of Contract). The complaint does not allege any separate legal duty owed to plaintiffs by defendants, and defendants have no such duty as a matter of law. Count Seven (Breach of Duty) must be dismissed for failure to state a claim.

### L. Count Eight (Interference with Contract) Should Be Dismissed, Because Interference Was an Impossibility Due to Plaintiffs' Own Admission of a Non-exclusive Dealing, and No Breach Was Induced

Paragraph 5o through 55 appear to allege what former paragraph 56 alleged, namely that defendants somehow interfered with the plaintiffs' economic interests in relation to Jones Apparel Group and Giii by resuming defendants' role, as previously

23

had been the case, as "competitors." See ¶ 53.  In essence, plaintiffs are unable to point to any third-party contract that the defendants have interfered but plaintiffs merely complain that defendants ceased dealing through them by now attempting to compete with plaintiffs and dealing with Jones Apparel Group and G-iii directly.

In order to state a claim for tortious interference with contractual relations, a plaintiff must allege, "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom." Kirch v. Liberty Media Corp., 449 F.3d 388, 401-02 (2d Cir. 2006) (internal quotations ommitted); White Plains Coat & Apron Co., Inc. v. Cintas Corp., 8 N.Y.3d 422, 426 (2007).

Plaintiffs have not alleged the existence of any contracts between either Plaintiff and a third party as basis for this claim. Plaintiffs refer only to their "relationships" with  Jones and G-iii on behalf of KCC in the complaint and the purported "competition" by defendants.

To the extent that Plaintiffs' contend Defendants  interfered with the "joint business venture" arrangement, this claim is based on the same allegations and facts as Plaintiffs' claim for breach of contract, and does not amount to any additional legal

duty as grounds for tortious interference. Plaintiffs have not shown that their "contract" with any "third party" was affect by Defendants' acts.

To the extent that Plaintiffs contend Defendants interfered with Plaintiff**s'** or Plaintiff**'s** separate independent dealings with Jones and G-iii, no such contract has been alleged in the complaint. Further, by Plaintiffs' own complaint reveals an absence of any exclusive dealings by plaintiffs through defendants.  In other words, plaintiffs retained the right to deal with Jones or G-iii on their own.  The complaint does  not establish intentional procurement of a third-parties' breach of contract. Count Eight (Interference With Contract) should be dismissed for failure to state a claim.

## M. Duplicative Quantum Meruit Should be Stricken

Plaintiffs have asserted two quantum meruit theories at Count Nine and Count Ten, and they are duplicative, and therefore Count Nine should be stricken.

On this motion to dismiss, defendants do not challenge the quantum meruit Count Ten set forth in the proposed amended complaint, as the only viable theory of possible liability against the entity defendant who has been served — KCC Trading.

## N. Plaintiffs' Requests for "Punitive Damages" Should Be Stricken

Plaintiffs' proposed amended complaint asserts repeated requests for punitive damages as though such relief were routine.  Punitive damages are requested after

each theory of liability and even for quantum meruit.  This reveals that the punitive damages requests are presented frivolously and in abject bad faith, and not tailored to the circumstances of the case, or even to the individual claims asserted in the case.

Under New York law, punitive damages may not be granted except where the challenged conduct involves "a high degree of moral culpability which manifests a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." Home Ins. Co. v. American Home Prods. Corp., 75 N.Y.2d 196, 203 (1990) (citations and quotation marks omitted).  In order to recover punitive damages, it must be shown that the defendant "acted with actual malice involving an intentional wrongdoing, or that such conduct amounted to a wanton, willful or reckless disregard of plaintiffs' rights." Ligo v. Gerould, 665 N.Y.S.2d 223, 224 (4th Dep't 1997).

To show actual malice, there must be an "evil motive on the part of the defendant," such that the defendant's actions were done out of "hatred, ill will, [or] spite" for the plaintiff. Prozeralik v. Capital Cities Commc'ns, Inc., 82 N.Y.2d 466, 479 (1993) (quotation marks omitted).  Malice, in turn, requires "the intent to interfere with the rights of others." NY Pattern Jury Instructions 2:278 Damages - Punitive. There is no malice under New York law unless, at a minimum, the defendant intended to harm the plaintiff. See. Roginsky v. Richardson-Merrell, Inc., 378 F.2d 832, 838 (2d Cir. 1967) (noting that plaintiff "does not claim that defendant intended to harm him").

26

To justify punitive damages based on wanton and reckless conduct, there must be a showing that the defendant acted with a "conscious indifference and utter disregard of its effect upon the health, safety [or] rights of others." NY PJI 2:278 Damages - Punitive.  As discussed by the Second Circuit, "the recklessness that will give rise to punitive damages [in New York law] must be close to criminality." Roginsky, 378 F.2d at 843.  Under this standard, "[a] person acts recklessly with respect to a result . . . when [s]he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists." Id. at 843  "The risk must be of such  nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." Id.

Plaintiffs loosely crafted proposed amended complaint, seeking no fewer than thirteen separate requests for punitive damages, even for "quantum meruit," smacks of a bad faith attempt to harass the defendants, and in violation of Rule 11.  The Court should not only deny amendment on this ground alone, but the Court should provide an express warning to plaintiffs that they are treading on Rule 11 for engaging in a "kitchen-sink" pleading tactics.

# **CONCLUSION**

For the foregoing reasons, defendants KCC Trading, Inc.,Won Bok Choi, Misuk Choi, and Ji Hae Choi a/k/a Vanessa Choi respectfully request that the court grant dismissal of plaintiffs' claims in Counts One, Two, Three, Six, Seven, Ten and Eleven, as well as the portion of Count Eight alleging breach of contract, and all claims against Thomas Hill USA Co, Inc., Won Bok Choi and Misuk Choi for failure to state a claim pursuant to Rule 12(b)(6) and for futility under Rule 15.

Dated: January 4, 2010                     Respectfully Submitted,

                                           /s/ Michael S. Kimm, Esq.

<u>Certificate of Service</u>

Michael Kimm, Esq., certifies the foregoing has been served upon plaintiff via

ECF as follows:

Louis M. DiLuzio, Esq.
Park, Weinstein & Caporrino, LLP
530 Main Street, Suite 4
Fort Lee, New Jersey, 07024

Dated: January 4, 2010                    <u>/s/ Michael S. Kimm. Esq.</u>